E-FILED
Wednesday, 30 April, 2025  02:05:36 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| XZAVIER BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:25-cv-03109 |
| | ) | |
| v. | ) | |
| | ) | |
| SIMPLEX, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

**COMPLAINT**

Plaintiff, Xzavier Ballard ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Simplex, Inc. ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, sex-based discrimination, sex-based harassment, and retaliation under Title VII.

**JURISDICTION AND VENUE**

2.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as Title VII and Section 1981 are federal statutes.

3.     Venue of this action properly lies in the Central District of Illinois, Springfield Division, pursuant to 28 U.S.C. §1391(b) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**ADMINISTRATIVE PREREQUISITES**

4.    All conditions precedent to jurisdiction have been satisfied.

5.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6.    Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.    This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.    Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Springfield, Illinois.

9.    Defendant is a corporation that specializes in "load banks and fuel supply systems for power generation and liquid automation, serving customers in manufacturing, technology, transportation, hospitals, schools, public utilities, and the U.S. military."

10.    Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.    During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12.    Plaintiff worked for Defendant as a tray handler from November 2024 until his unlawful termination on or around January 17, 2025.

13.    Plaintiff met or exceeded Defendant's performance expectations during the entire

duration of his employment.

14.     Plaintiff is African American and is a member of a protected class because of his race.

15.     Plaintiff is male and is a member of a protected class because of his sex.

16.     Since at least November 2024 through January 17, 2025 Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race and sex, violating §1981, Title VII.

17.     Supervisor Sheryl Sheppard (Male, Caucasian) would consistently target Plaintiff on the basis of Plaintiff's sex and race.

18.     Specifically, Sheryl would say things such as: "I was with your mother last night.", "I love being with your mom.", "When you get an ID, do you get a black and white picture, or is it a colored picture?", "Do you get Martin Luther King Day off because you're black?", and "Are you a Diddy baby?"

19.     While Plaintiff initially tried to ignore it, keep his head down, and do his job, it became unbearable in or around January 2025.

20.     On or about January 14, 2025, Plaintiff informed Sheryl that he was going to report him for the continuous sexual harassment and racial discrimination.

21.     Plaintiff told Sheryl he could not tolerate it any longer.

22.     In response, Sheryl said, "You'll be gone before you get to do anything."

23.     This ominous threat made Plaintiff feel apprehensive, furthering the hostile work environment.

24.     On or about January 15, 2025, Robert Jones began to target Plaintiff.

3

25. While Plaintiff was working at his station, talking to his brother Christian Herman across the way, Robert overheard the conversation and expressed he did not like what Plaintiff was saying.

26. Plaintiff tried to walk away, acknowledging there were no cameras in the area where Robert was being confrontational.

27. Robert continued his threatening ways toward Plaintiff, saying that he would "beat Plaintiff's ass."

28. Despite being the target, both Plaintiff and Robert were called into an office where Defendant's agents talked to Plaintiff for two minutes and separately talked to Robert for nearly twenty minutes.

29. During their time with Robert, Plaintiff was accused of using "racial profanity".

30. This illegitimate claim was bolstered by Sheryl, who vouched for Robert.

31. Though he was not allowed in the room, Plaintiff could hear through the door.

32. Robert made further threatening remarks, including using racial slurs like saying "nigger", "I will shoot you when we're outside of work", and walking behind Plaintiff in a menacing manner.

33. Plaintiff reported that Robert was threatening his life.

34. Plaintiff's co-worker, Michael Selby (Caucasian) overheard the threats.

35. Despite being the target for this unlawful conduct, Plaintiff was then told he was being placed under suspension.

36. Plaintiff asked the Senior Vice President, Don (LNU), why he was being suspended, and Don told Plaintiff to "get out," referring to the workplace, offering no legitimate business purpose for the suspension.

4

37.     Plaintiff later learned that his suspension was allegedly due to accusations that he had made threats and used racial slurs, which was completely false, as Sheryl and Robert were the true perpetrators.

38.     Defendant's inaction fostered a hostile work environment that promoted individuals of Plaintiff's own minority group to hurl racial slurs at Plaintiff.

39.     On or about January 17, 2025, Plaintiff was terminated over the phone for allegedly violating company policies regarding threats and discrimination.

40.     This accusation was false and is casually linked to Plaintiff's engagement in protected activity regarding Sheryl's sex-based and race-based discrimination and harassment as well as Robert's race-based discrimination and harassment against Plaintiff.

41.     Interestingly, upon information and belief Plaintiff learned that Mr. Selby stated that Plaintiff's termination was unfair and then Mr. Selby terminated himself.

42.     Plaintiff has never had any prior disciplinary actions, and there are witnesses who can confirm how Sheryl spoke to Plaintiff.

43.     Plaintiff was unlawfully terminated because of his race, (African-American) and sex (male) on January 17, 2025.

44.     Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

45.     Plaintiff reported the race and sex-based harassment to Defendant.

46.     Plaintiff was targeted for termination because of his race and sex.

47.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

48.     There is a basis for employer liability for the race and sex-based harassment that

Plaintiff was subjected to.

49.    Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

**COUNT I**
**Violation of 42 U.S.C. §1981**
**(Race-Based Discrimination)**

50.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

51.    Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

52.    Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

53.    Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

54.    Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

55.    As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress,

humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

56.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

57.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

58.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

59.     Plaintiff met or exceeded performance expectations.

60.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

61.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

62.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

63.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

64.      Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

65.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

7

66.   Defendant knew or should have known of the harassment.

67.   The race-based harassment was severe or pervasive.

68.   The race-based harassment was offensive subjectively and objectively.

69.   The race-based harassment was unwelcomed.

70.   Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's race, African-American.

71.   Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

72.   As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT IV
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

73.   Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

74.   Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

75.   During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race and sex discrimination and/or harassment.

76.   As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

77.   In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race and sex discrimination or harassment.

78.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

79.     Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

80.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

81.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

82.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT V**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

83.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

84.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

85.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, male.

86.     Defendant knew or should have known of the harassment.

87.     The sexual harassment was severe or pervasive.

88.     The sexual harassment was offensive subjectively and objectively.

9

89.    The sexual harassment was unwelcomed.

90.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

91.    As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

92. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

93. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

94. Plaintiff met or exceeded performance expectations.

95. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

96. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

97. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

98. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

99. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

10

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.  Back pay with interest;

b.  Payment of interest on all back pay recoverable;

c.  Front pay;

d.  Compensatory and punitive damages;

e.  Reasonable attorneys' fees and costs;

f.  Award pre-judgment interest if applicable; and

g.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 30, 2025                                  Respectfully submitted,

/s/ *Peyton M. Paschke, Esq.*
Peyton M. Paschke, Esq.
IL Bar No.: 62587
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5450
ppaschke@sulaimanlaw.com
*Attorney for Plaintiff*

11